# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT LEXINGTON

**CIVIL ACTION NO. 08-428-DLB**

**AGNES HOWARD o/b/o**
**ALBERT HOWARD**                                                                               **PLAINTIFF**


**vs.**                            **MEMORANDUM OPINION & ORDER**


**MICHAEL J. ASTRUE, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                                              **DEFENDANT**

\* \* \* \* \* \* \*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's deceased husband, Albert Howard ("Howard"), filed applications for disability insurance benefits (DIB) and supplemental security income (SSI) payments on July 2, 2004. (Tr. 22, 88). At the time of filing, Howard was 45 years old and alleged a disability onset date of November 16, 2003. (Tr. 22, 109). He alleged he was unable to work due to degenerative disc disease in his back, foot and ankle problems, arthritis, shoulder and neck pain, elbow problems, gout, and depression. (Tr. 108-109).

His claim was denied initially and on reconsideration. (Tr. 22, 97-100). At Howard's request, an administrative hearing was conducted on September 7, 2006, by Administrative Law Judge (ALJ) Gloria P. York. (Tr. 445-472). On March 28, 2007, ALJ York ruled that

Howard was not disabled and therefore not entitled to DIB or SSI payments. (Tr. 63-73). However, on the request of Howard's representative, the case was re-opened and ALJ York's denial decision vacated. (Tr. 473). A second administrative hearing was held before ALJ York on August 8, 2007. (Tr. 473-516). Following the hearing, ALJ York recused herself from the case.

On January, 9, 2008, a third administrative hearing was conducted by ALJ Roger L. Reynolds, (Tr. 521-560), who, like ALJ York before him, ruled on January 25, 2008, that Howard was not disabled, (Tr. 22-31). This decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on August 21, 2008. (Tr. 9-11.)

Howard passed away on April 27, 2008. (Tr. 443). His widow, Agnes Howard, was substituted as Plaintiff on May 30, 2008. (Tr. 444). Plaintiff thereafter filed the instant action on October 17, 2008. (Doc. #1). The matter has culminated in cross-motions for summary judgment which are now ripe for adjudication. (Docs. #7, 9).

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to

affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). Moreover, even if there is evidence favoring Plaintiff's side, the Commissioner's findings must be affirmed if supported by substantial evidence. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781 (6th Cir. 1996).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, alone or in combination, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B. The ALJ's Determination

At Step 1, the ALJ found that Howard had not engaged in substantial gainful activity since the alleged onset date of disability. (Tr. 25). At Step 2, the ALJ determined Howard's degenerative disc disease of the lumbar spine, mild cervical osteoarthritis, depressive disorder, anxiety disorder, and ethanol and marijuana abuse (both allegedly in remission) to be "severe" impairments within the meaning of the regulations. (Tr. 25).

3

At Step 3, the ALJ concluded that Howard did not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 26). In addition to assessing Howard's physical limitations, the ALJ evaluated his mental impairments under Listings 12.04 (Affective Disorders), 12.06 (Anxiety Related Disorders), and 12.09 (Substance Addiction Disorders), concluding that Howard's impairments did not meet or equal the requirements of any listing. (Tr. 26).

At Step 4, the ALJ found that Howard retained the residual functional capacity (RFC) to perform a limited range of light work. (Tr. 27). Specifically, the ALJ restricted Howard to "routine repetitive tasks which are not object oriented as opposed to people oriented in a "low stress environment" . . ." *Id.* Based upon these findings, the ALJ determined that, due to a combination of exertional and non-exertional limitations, Howard was unable to perform his past relevant work as a carpenter. (Tr. 30).

Accordingly, the ALJ proceeded to the final step of the sequential evaluation. At Step 5, the ALJ found that, despite Howard's severe impairments, there were a significant number of jobs available to him in the national and regional economies. (Tr. 30). This conclusion resulted from testimony by a vocational expert (VE), in response to a hypothetical question assuming an individual of Howard's age, education, work experience, and RFC. (Tr. 31). The VE testified that a hypothetical individual with Howard's vocational profile and RFC "would be capable of making a vocation adjustment to other work, such a laborer/packer . . . and a bench assembler." (Tr. 31). Since the positions identified by the VE were representative of a significant number of jobs in the regional and national economies, the ALJ concluded that Howard was not under a "disability" as defined by the

4

Social Security Act. (Tr. 31).

    **C.    Analysis**

Plaintiff's sole argument on appeal is that the ALJ erred in failing to recontact Howard's treating physician, Dr. Gilbert, once the ALJ determined that Dr. Gilbert's assessment of Howard's functional limitations was neither supported by acceptable medical evidence nor consistent with the record as a whole. To support her contention that the ALJ was obligated to recontact Dr. Gilbert in order to obtain additional medical records and/or opinions, Plaintiff cites 20 C.F.R. §§ 404.1512(e), 416.912(e). These regulations provide in pertinent part:

> (e) *Recontacting medical sources.* When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination for a decision.
>
>     (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.

20 C.F.R. §§ 404.1512(e), 416.912(e). In response to Plaintiff's argument, the Commissioner contends that the ALJ properly rejected Dr. Gilbert's opinion, gave sufficient reasons for so doing, and therefore had no duty to recontact Dr. Gilbert. The Court agrees.

"Generally, an Administrative Law Judge need recontact a medical source only if the evidence received from that source is 'inadequate' for a disability determination." *DeBoard v. Comm'r of Soc. Sec.*, 211 Fed. App'x 411, 416 (6th Cir. 2006). The language of the regulations makes clear that it is not the rejection of the treating physician's opinion that

5

triggers the duty to recontact; it is instead the inadequacy, or deficiency, of the evidence provided by a treating physician which activates the ALJ's duty to recontact that physician in order to develop the record. *See Thacker v.* Astrue, No. 07-53-DLB, 2008 WL 907534, at \*4 (E.D. Ky. Mar. 31, 2008); *Thompson v Astrue*, No. 07-112-HRW, 2008 WL 89954, at \*3 (E.D. Ky. Jan. 8, 2008).

The Court notes that the record before the ALJ was neither incomplete nor inadequate. The record contained twenty pages of treatment related documents from Dr. Gilbert which spanned from April 30, 2004 to March 2, 2005 - the entire length of Dr. Gilbert's treatment of Howard. (Tr. 245-65). The ALJ noted in his decision that he rejected the functional limitations assessed by Dr. Gilbert, not because his opinion or the medical records supporting it were "inadaquate," but because Dr. Gilbert's assessed limitations were inconsistent with other medical evidence and the record as a whole. (Tr. 29). Specifically, the ALJ noted that Dr. Gilbert's opinion that Howard could sit and stand/walk for less than one hour each in an eight-hour workday conflicted with the opinions of Drs. Tutt and Westerfield who, through physical examination of Howard, concluded that, although Howard walked with a slightly antalgic gait favoring the right leg, he retained a good range of motion in the lumbar spine, had no weakness or sensory deficits in his lower extremities, was capable of standing or walking six hours in an eight-hour workday, and had an unimpaired ability to sit. (Tr. 28).

As the ALJ's decision makes clear, he did not find the medical evidence in the record to be so inadequately developed as to preclude him from making a determination as to Howard's disability; rather, the ALJ found Dr. Gilbert's assessment of Howard's functional limitations to be contradicted by the record, and accepted the opinions of Dr. Tutt and

Westerfield as more accurately reflecting the extent of Howard's limitations. In addition, the fact that Dr. Gilbert had not treated Howard since March 2, 2005 - over two years before the ALJ's decision - makes it unlikely that there existed any additional information that Dr. Gilbert could have supplied which might have led to a different result. "A disagreement between two medical professionals does not render the opinion of one 'inadequate' under the regulations." *DeBoard*, 211 Fed. App'x at 416. Therefore, as the ALJ did not find the information and recommendations submitted by Dr. Gilbert to be "inadequate," but unpersuasive, his reasoned rejection of Dr. Gilbert's opinion did not trigger a duty to recontact.

One final note, Plaintiff relies on an unpublished Sixth Circuit opinion, *Littlepage v. Chater*, No. 96-6618, 1998 WL 24999, at *3 (6th Cir. Jan. 14, 1998), in support of her position that the ALJ erred by failing to recontact Dr. Gilbert. As this Court has stated previously, the Sixth Circuit's decision in *Littlepage*, supports the conclusion that the obligation to recontact a physician pursuant to 20 C.F.R. §§ 404.1512(e),416.912(e) is not contrary to Plaintiff's assertion, a bright-line requirement, but rather is driven by the nature and extent of the overall record and the ALJ's consideration of that record. *See Thacker*, 2008 WL 907534, at *4.

### III. CONCLUSION

The record before the ALJ was more than adequate for the ALJ to make a reasoned disability determination. Consequently, the ALJ had no duty to recontact Dr. Gilbert. Although the record contained differing opinions as to Howard's functional limitations, the Court finds that the ALJ properly performed his duty as trier of fact in resolving the conflicts in the evidence. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971). Accordingly for the

reasons stated,

    **IT IS ORDERED** as follows:

        1.    the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

        2.    Plaintiff's Motion for Summary Judgment (Doc. #7) is hereby **DENIED**;

        3.    Defendant's Motion for Summary Judgment (Doc. # 9) is hereby **GRANTED**.

A judgment affirming this matter will be entered contemporaneously herewith.

This 3^(RD) day of April, 2009.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\SocialSecurity\MOOs\5-08-428-HowardMoo.wpd